IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

Case No. 24-cv-04153-CBK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

QZ GLOBAL LIMITED,
QZ ASSET MANAGEMENT LIMITED, and
BLAKE YEUNG PU LEI,

    Defendants.

---

**PLAINTIFF'S SECOND MOTION FOR EXTENSION OF
TIME TO EFFECT SERVICE OF PROCESS**

---

Plaintiff Securities and Exchange Commission (the "SEC") requests an additional 180 days to serve Defendants QZ Asset Management Limited ("QZ Asset") and Blake Yeung Pu Lei ("Yeung Pu Lei") (collectively referred to herein as "Defendants"). In support of this request, the SEC, through undersigned counsel, states as follows:

## BACKGROUND

1. The SEC filed its Complaint [Doc. #1] in this matter on August 26, 2024, alleging Defendants committed numerous violations of the federal securities laws.

2. On that same day, the Clerk of Court issued Summonses to all Defendants. [Doc. #2.]

3. On September 4, 2024, Defendant QZ Global Limited ("QZ Global") was served via its registered agent in Watertown, South Dakota. [Doc. #3.]

4. On November 22, 2024, the SEC filed a motion requesting an additional 180 days, or

until May 23, 2025, to serve Defendants QZ Asset and Yeung Pu Lei. [Doc. #4.] The Court granted this motion the same day. [Doc. #5.]

5. As noted in the SEC's previous motion requesting an extension of time to effect service [Doc. #4], Defendants QZ Asset and Yeung Pu Lei are both believed to be in China. [*See* Doc. #2.] As a result, the SEC must serve Defendants through the Hague Convention for Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). This process requires, among other things: translation of all relevant documents to Mandarin including the Summons, Complaint, and form requesting service via the Hague Service Convention; payment of fees to China's Department of Agriculture by wire transfer; and all documents—in both English and Mandarin—sent in multiples to China for service. Once this has been completed, the Central Authority of China will attempt to serve Defendants. *See Hague Conference on Private International Law – China*[1].

6. On December 10, 2024, the SEC received confirmation of payment of fees to China's Department of Agriculture. *See Payment Acknowledgements* (attached hereto as **Exhibit 1**).

7. On December 20, 2024, the SEC sent service documents to China. *See FedEx Tracking Receipt* (attached hereto as **Exhibit 2**). The shipment was delivered on December 24, 2025. *See id.*

8. On January 25, 2025, the SEC received notice that the service requests for Defendants had been received. *See Email from the Ministry of Justice of China, dated January 25, 2025* (attached hereto as **Exhibit 3**).

9. On February 9, 2025, the SEC received confirmation that the service requests had been transferred to the Court for processing. *See Email from the Ministry of Justice of China, dated*

---

[1] Found at www.hcch.net/en/states/authorities/details/?aid=243 (last checked on May 12, 2025).

*February 9, 2025* (attached hereto as **Exhibit 4**).

10. On April 15, 2025, the SEC received notice that attempts to serve Defendants at the address provided were unsuccessful. *See Certificates, dated March 20, 2025*[2] (attached hereto as **Exhibit 5**).

11. Also on April 15, 2025, the SEC requested that the Clerk of Court enter default as to Defendant QZ Global. [Doc. #6.] The Clerk entered default against QZ Global on that same day. [Doc. #7.]

12. The SEC has since identified four additional addresses in China where it believes Defendants QZ Asset and Yeung Pu Lei may be located and is currently having the requisite forms requesting service at these addresses translated to Mandarin. Once translation of the documents is complete, the SEC will wire the necessary fees and FedEx the service package to China's Central Authority. The SEC believes, based on its previous service attempt and guidance from the Hague Conference on Private International Law, that service may take anywhere from three to six months from the date the documents are received by the Central Authority.

## LEGAL ARGUMENT

13. Fed. R. Civ. P. 4(f)(1) provides that unless federal law requires otherwise, an individual may be served outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Here, as noted above, the SEC is utilizing the Hague Service Convention to serve Defendants in China.

14. While Fed. R. Civ. P. 4(m) requires service upon a defendant(s) within 90 days after a complaint is filed, this timeline does not apply to service in a foreign country under Rule 4(f).

---

[2] Although the Certificates are dated March 20, 2025, the SEC did not receive notice that attempts were unsuccessful until April 15, 2025 when the SEC requested an update from China's Central Authority.

Regardless, out of an abundance of caution, the SEC requested an additional 180 days to serve Defendants in November 2024. [Doc. #4.] For the same reason, the SEC again requests an additional 180 days to attempt to locate and serve QZ Asset and Yeung Pu Lei.

15. Despite Rule 4(m) indicating that a time limit for service does not apply to service in a foreign country under Rule 4(f), the SEC believes good cause exists to grant a 180-day extension.

16. "Good cause" has been described as follows:

> [G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

*Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1137, at 342 (3d ed. 2002)); *see also Ballegooyen v. Brownson*, No. 4:14-CV-04186, 2016 WL 5794719, *3-4 (D.S.D. Sept. 30, 2016).

17. Good cause exists here because the SEC is both acting "diligently in trying to effect service" and "there are understandable mitigating circumstances." *Id.* As demonstrated by the SEC's prior motion seeking an extension of time [Doc. #4], and as described above, the process for serving an individual in China takes significant time. While the SEC has worked diligently in moving this process forward, mitigating circumstances have slowed the process.

18. Even if the SEC could not show good cause for its inability to serve Defendants to date—which is not the case—the SEC "could still receive a discretionary extension of time by showing excusable neglect." *Ballegooyen*, 2016 WL 5794719 at *4 (citing *Kurka*, 628 F.3d at 957). Excusable neglect empowers a Court to "provide relief where a party's failure to meet a deadline is 'caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond

the party's control.'" *Kurka*, 628 F.3d at 959 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993)). In determining whether excusable neglect is present, there are four factors the Court may consider: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* The reason(s) for the delay is the key factor and the Court will consider the totality of the circumstances when making its determination as to whether neglect is excusable. *Id.*

19.    Here, all four factors weigh in favor of granting the SEC a second extension of time. *First*, there is no substantial prejudice to Defendants: QZ Global is currently in default, and there are currently no Court deadlines that must be vacated as a result of allowing the SEC additional time to serve Defendants. *Second*, for these same reasons, a 180-day extension at this time will not substantially impact judicial proceedings. *Third*, the reason for the delay, explained above, is not within the SEC's reasonable control given the process in place for obtaining service via the Hague Service Convention in China. *Fourth*, the SEC has acted in good faith.

20.    Consequently, even if the Court were to determine that Rule 4(m) required service in a foreign country to be completed within a certain period of time, both good cause and excusable neglect justify a 180-day extension to effect service upon Defendants.

## CONCLUSION

WHEREFORE, for the reasons stated above, the SEC respectfully requests an additional 180 days, or up to and including November 19, 2025, to serve Defendants QZ Asset and Yeung Pu Lei.

Dated: May 19, 2025.

5

Respectfully submitted,

*s/ Jodanna L. Haskins*
Jodanna L. Haskins
Attorney for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, Suite 1700
Denver, CO 80294
HaskinsJo@sec.gov
(303) 844-1000